**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**RUSSELL VANBROCKLEN,**

                 **Plaintiff,**            1:10-cv-1584
                                                       (GLS/RFT)

        v.

**XCHANGIH,**

                 **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>Russell VanBrocklen<br>Pro Se<br>P.O. Box 600<br>West Sand Lake, NY 12196 | |
| **FOR THE DEFENDANT:**<br>Goldberg, Segalla Law Firm<br>8 Southwoods Boulevard<br>Suite 300<br>Albany, NY 12211 | JONATHAN M. BERNSTEIN, ESQ. |

**Gary L. Sharpe
District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiff *pro se* Russell VanBrocklen commenced this action against

defendant Xchangih alleging violations of Title III of the Americans with

Disabilities Act.  (*See* Compl., Dkt. No. 1.)  Pending is Xchangih's motion to dismiss VanBrocklen's claim.  (*See* Dkt. No. 19.)[1]  For the reasons that follow, Xchangih's motion to dismiss is granted.

## II. Background[2]

VanBrocklen's allegations against Xchangih, a scheduling company, stem from his ongoing worker's compensation claim.  (*See* Compl. ¶ 1, Dkt. No. 1.)  As part of that claim, VanBrocklen was required to see a neurologist for an independent medical evaluation ("IME").  (*Id.*)  Although he requested, and was initially scheduled for, a double time slot, Xchangih modified his appointment to the standard time allotment.  (*Id.* ¶¶ 6-8.)  Moreover, VanBrocklen was informed that he would not be able to "discuss and explain" his condition during the IME; any information regarding his past condition would have to be reported through his primary physician.  (*Id.*)  VanBrocklen now seeks an order granting him sufficient time to

---

[1] Xchangih filed two motions to dismiss in this action, the first of which addressed the now withdrawn request for a preliminary injunction.  (*See* Dkt. No. 14.)  Although the court previously reserved judgment on that motion, it now deems the motion to be moot.  Nevertheless, the arguments in the first motion to dismiss remain applicable and will be considered in conjunction with the second motion to dismiss.

[2] The court notes that although VanBrocklen filed two Amended Complaints, neither submission meets the requirements of Fed. R. Civ. P. 8(a).  (*See* Dkt. Nos. 18, 25.)  As such, the facts are drawn from VanBrocklen's Complaint and presented in a light most favorable to him. (*See* Compl., Dkt. No. 1.)

2

discuss his pre-existing medical condition during the IME.  (*See* Compl. Prayer for Relief, Dkt. No. 1.)

### III.  Standard of Review

The standard of review under Fed. R. Civ. P. 12 is well established and will not be repeated here.[3]  For a full discussion of the standard, the court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

### IV.  Discussion

Xchangih argues that*, inter alia*, this case is not ripe for adjudication.  (*See* Dkt. No. 14, Attach. 1 at 4.)  In response, VanBrocklen concedes that he "may have started ADA litigation against the wrong party," but still presents an argument on the merits of his claim.  (*See* Dkt. No. 25 at 1-2.)  In light of his inconsistent pleadings, the court, in an abundance of caution, reviews VanBrocklen's claim to determine whether it is justiciable.

"[R]ipeness is a constitutional prerequisite to exercise of jurisdiction by federal courts."  *Marchi v. Bd. of Coop. Educ. Serv. of Albany*, 173 F.3d 469, 478 (2d Cir. 1999) (internal citations omitted).  Where, as here, the

---

[3] Because VanBrocklen is proceeding *pro se*, the court will construe his Complaint liberally.  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

plaintiff's claim is for future injury, the ripeness doctrine requires analysis of the following two factors: "(1) whether an issue is fit for judicial decision and (2) whether and to what extent the parties will endure hardship if decision is withheld." *Simmonds v. I.N.S.*, 326 F.3d 351, 359 (2d Cir. 2003) (citing *Abbott Labs v. Gardner*, 387 U.S. 136, 148-49 (1967)).  To this end, the court examines "whether the issues . . . are contingent on future events or may never occur," as well as the directness and immediacy of the dilemma as a result of the challenged action.  *Simmonds*, 326 F.3d at 359-361 (internal quotations omitted); *see also Whitman v. Am. Trucking Assoc.*, 531 U.S. 457, 479 (2001) (evaluating ripeness on the bases of the need for "further factual development of the issues presented," and whether review "will inappropriately interfere with further administrative action") (internal citations omitted).

     Here, VanBrocklen's allegations are essentially that he may not get a fair evaluation because his disability could prevent him from communicating with the neurologist during the IME.  (*See generally* Compl., Dkt. No. 1.)  The fact that these allegations are "contingent on future events," and arise out of a worker's compensation claim currently before the New York State Worker's Compensation Board, both weigh

4

against judicial intervention.  See Whitman, 531 U.S. at 479.  Moreover, the failure of VanBrocklen's two Amended Complaints to cure the deficiencies highlighted by Xchangih's motions to dismiss further demonstrates that this dispute is not yet ripe for adjudication.

As such, the court concludes that VanBrocklen's claim is not yet justiciable and grants Xchangih's motion to dismiss.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Xchangih's motion to dismiss (Dkt. No. 14) is **DENIED** as moot; and it is further

**ORDERED** that Xchangih's motion to dismiss (Dkt. No. 19) is **GRANTED** and Xchangih is **DISMISSED** from the case; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties by mail and certified mail.

**IT IS SO ORDERED.**

September 30, 2011
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge